MEMORANDUM **
Ramiro Zuniga Tavares, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals’ summary affirmance of an immigration judge’s denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.
Petitioner contends that the IJ erred as a matter of law in concluding that he failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). Petitioner testified that he was apprehended by immigration authorities and returned to Mexico in 1992. The IJ concluded that the apprehension and return constituted a break in petitioner’s continuous physical presence such that he failed to meet the requisite ten-years before issuance of the Notice to Appear.
We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government’s computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. See Tapia v. Gonzales, 430 F.3d 997, 1002-1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. See Vasquez-Lopez v. Ashcroft, 343 F.3d 961, 972 (9th Cir.2003) (per curiam).
*596 On the record before us, we cannot determine whether petitioner knowingly and voluntarily accepted administrative voluntary departure prior to his return to Mexico by immigration officials. See Tapia v. Gonzales, 430 F.3d 997, 1002-1004 (9th Cir.2005), and Ibarra-Flores v. Gonzales, 439 F.3d 614, 619 (9th Cir.2006). The IJ should be given the first opportunity to assess whether petitioner’s departure was “knowing and voluntary.” Ibarra-Flores, 439 F.3d at 620.
Accordingly, we grant the petition and remand to the Board for further proceedings concerning the nature of petitioner’s contact with immigration officials in 1992.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.